IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 24-10253-smr |
| | § | |
| TRAVIS SETH KNIEP and KIMBERLY JOY KNIEP, | § § | Chapter 7 |
| | § | |
| Debtors. | § § § | |

# MOTION FOR RECONSIDERATION

**This pleading requests relief that may be adverse to your interests.**

**If no timely response is filed within 21 days from the date of service, the relief requested herein may be granted without a hearing being held.**

**A timely filed response is necessary for a hearing to be held.**

TO THE HONORABLE SHAD M. ROBINSON, UNITED STATES BANKRUPTCY JUDGE:

Patrick Cupillari, Skunk Labs, LLC, 324 Main Street Property, LLC, and Prophet Consultants, LLC (collectively, the "Cupillari Defendants"), by and through their attorneys, Rabinowitz, Lubetkin & Tully, LLC and McGinnis Lochridge, respectfully move before this Court pursuant to Federal Rule of Civil Procedure 54(b), Federal Rule of Bankruptcy Procedure 9023, and 11 U.S.C. § 105(a), for reconsideration of the Court's May 3, 2024 Order granting the Minns Firm Clients partial relief from the automatic stay [Dkt. No. 36], (the "Order"). A copy of the Order for which reconsideration is sought is attached hereto as Exhibit "A."

## INTRODUCTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(b). This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The legal bases for the relief requested herein are 11 U.S.C. § 105(a), Federal Rule of Civil Procedure 54(b), and Federal Rule of Bankruptcy Procedure 9023.

## BACKGROUND

4. On November 23, 2022, Just One Dime Coaching, LLC ("JOD") filed a Chapter 7 bankruptcy proceeding in the United States Bankruptcy Court of the Western District of Texas, Austin Division, constituting Bankruptcy Case No. 22-10783-smr.

5. During the course of the JOD bankruptcy proceeding, alleged creditors of JOD, designated in various pleadings as the "Minns Firm Clients," filed an adversary proceeding in the JOD bankruptcy case against Travis Seth Kniep and Kimberly Joy Kniep (the "Knieps") and various third parties, including the Cupillari Defendants. That adversary proceeding is Adv. Pro. No. 23-01036-smr, (the "JOD Adversary").

6. By admission, the JOD Adversary proceeding was filed by the Minns Firm Clients in anticipation of, and in reliance upon, their desired acquisition of certain claims and causes of action owned by JOD.

7. On December 11, 2023, the Trustee of the JOD bankruptcy estate filed a motion for authorization to approve the sale of JOD claims and causes of action to the Minns Firm Clients.

8. On January 8, 2024, the Cupillari Defendants filed an objection to the JOD's Trustee's proposed sale of such claims.

9. By Court Order entered on March 20, 2024, the Court denied the Trustee's motion.

10. As a result, claims and causes of action which are the subject of the adversary proceeding remain vested in JOD and do not belong to the Minns Firm Clients.

11. Additionally, in response to the JOD Adversary filed by the Minns Firm Clients, motions to dismiss were filed by many of the JOD Adversary defendants, including the Cupillari Defendants.

12. The Court determined that based upon subsequent amendments to the JOD Adversary complaint, many of the previously filed motions to dismiss were moot. In at least one circumstance, an amendment to the JOD Adversary complaint was filed without Court authorization by the Minns Firm Clients after a prior amendment was filed, and after a response to that prior amendment was filed.

13. There remains outstanding and currently undecided numerous motions to dismiss filed in response to the most recent JOD Adversary complaint being prosecuted by the Minns Firm Clients.

14. On March 8, 2024, the Knieps, the debtors captioned above, filed their own independent Chapter 7 bankruptcy case.

15. Initially the Knieps' bankruptcy case was not assigned to Your Honor.

16. In connection with the Court's denial of the JOD's Trustee's motion to sell JOD's claims and causes of action to the Minns Firm Clients, the Court sua sponte entered an Order (the "Adversary Stay Order") on March 20, 2024 staying further prosecution of the JOD Adversary. The Adversary Stay Order by its express terms remains in effect until the Knieps are dismissed or severed from the JOD Adversary, or upon subsequent Court order.

17. Upon information and belief, one of the motivations behind the Court's Adversary Stay Order was to address the potential transfer of the Knieps' bankruptcy case to Your Honor. Additionally, upon further information and belief, the Cupillari Defendants speculate Your Honor may have also been motivated to stay further proceedings in the JOD Adversary to provide the

3

Knieps with an opportunity to file a motion to sever their presence from the JOD Adversary, or to provide the Minns Firm Clients with an opportunity to dismiss the Knieps from the JOD Adversary.

18. On April 12, 2024, the Knieps filed a motion to sever their participation in the JOD Adversary.

19. On April 26, 2024, the Minns Firm Clients, surprisingly to the Cupillari Defendants, filed an objection to the Knieps' motion to sever. According to the Court's docket in the JOD Adversary, that motion to sever is scheduled to be heard on June 5, 2024.

20. Independently, on April 8, 2024, the Minns Firm Clients filed a motion for relief from the automatic stay in the Knieps' bankruptcy case.

21. Despite attaching to that motion for stay relief a certificate of service which recited service of the motion upon all of the defendants in the JOD Adversary, service upon the defendants in the JOD Adversary who are not on the Court's CM/ECF service list in the Knieps' bankruptcy case did not occur.

22. The Cupillari Defendants were not served with the Minns Firm Clients' stay relief motion, and JOD Adversary defendants David Lopez and Danilo Varriale also assert they were not served.

23. The proposed form of order submitted to the Court by the Minns Firm Clients in connection with their motion for relief from the automatic stay in the Knieps' bankruptcy case did not limit the requested relief to vacating the automatic stay in favor of the Knieps to enable the Minns Firm Clients to take action <u>against the Knieps</u>. The proposed order, a copy of which is attached hereto as Exhibit "B," expressly authorized the Minns Firm Clients to "apply for injunctive relief against certain defendants" in the JOD Adversary. The Minns Firm Clients' stay

4

relief motion indicates that the defendants against whom injunctive relief will be sought include the Cupillari Defendants, and David Lopez and Danilo Varriale, other defendants in the JOD Adversary who did not receive notice of the stay relief motion.

24. Upon information and belief, recognizing that the Minns Frim Clients' stay relief motion was reflected on the docket as an uncontested matter, the Court entered the proposed order submitted with the motion. A copy of the entered Order is attached hereto as Exhibit "A." It is identical to the proposed form of order. It is that entered Order for which reconsideration is sought, for the reasons set forth below.

25. Upon further information and belief, the Cupillari Defendants speculate that the Court entered the Order, which has a direct impact upon the Cupillari Defendants and other defendants in the JOD Adversary, not realizing that it had the effect of vacating the Court's sua sponte Adversary Stay Order <u>entered in the JOD Adversary</u>, without the party defendants to the JOD Adversary having been provided with notice and an opportunity to be heard.

26. In correspondence to the Court of May 6, 2024, counsel for the Minns Firm Clients acknowledged the lack of service of the motion for stay relief filed in the Knieps' bankruptcy case upon the defendants in the JOD Adversary, but did not explain the false recitation in the submitted certificate of service that service was made.

## REQUEST FOR RECONSIDERATION

27. Pursuant to Federal Rule of Civil Procedure 54(b), "any order" that adjudicates fewer than all the claims or the rights and liabilities of all the parties may be revised "at any time" before the entry of a judgment adjudicating all of the claims and all of the parties' rights and liabilities. Thus, the Cupillari Defendants assert Federal Rule of Civil Procedure 54(b) provides procedural authorization for reconsideration of the Court's May 3, 2024 stay relief Order.

28. Pursuant to 11 U.S.C. § 105, the Court may issue any order that is necessary or appropriate to carry out the provisions of the Bankruptcy Code. Additionally, 11 U.S.C. § 105(a) makes it clear that no provision of the Bankruptcy Code precludes the Court, even sua sponte, from taking any action or making any determination necessary or appropriate to prevent an abuse of process.

29. Pursuant to Federal Rule of Bankruptcy Procedure 9023, a party may move to alter or amend a judgment within fourteen days. This Motion is filed within 14 days of the entry of the stay relief Order.

30. The Cupillari Defendants submit it is highly inappropriate for the Minns Firm Clients to have obtained an order as a result of a motion for relief from the automatic stay <u>in the Knieps' bankruptcy case</u> which provides for relief <u>beyond</u> authorizing the movant to take action <u>against the Knieps themselves</u>, particularly without notice to the targets of that anticipated action. The only proper result of a motion for relief from the automatic stay in the Knieps' case is the entry of an order authorizing the Minns Firm Clients to pursue action <u>against the Knieps</u>. The entered stay relief Order goes well beyond that limited relief. The Cupillari Defendants submit that entry of such an Order constitutes a mistake which requires consideration.

31. Secondly, inasmuch as the express relief requested by the Minns Firm Clients in its stay relief motion was to obtain authorization to pursue injunctive relief against defendants in the JOD Adversary, and defendants other than the Knieps, the appropriate case in which the filing of any motion, however styled, should have been made, is in the JOD Adversary itself.

32. Because the Minns Firm Clients did not file a motion in the JOD Adversary, the defendants in that adversary proceeding, the very parties who are the targets of the requested action

6

to be taken by the Minns Firm Clients, did not receive notice and opportunity to be heard. This significant due process defect also justifies reconsideration.

33. Thirdly, because the action which the Minns Firm Clients desire to take is prohibited by the Court's March 20, 2024 Adversary Stay Order, the appropriate motion to be filed in the JOD Adversary is *not* a motion for relief from the automatic stay, but a motion to vacate or partially vacate this Court's March 20, 2024 Adversary Stay Order. Again, because the Adversary Stay Order was entered in the JOD Adversary, a motion to vacate that Adversary Stay Order should also be filed in the JOD Adversary. It was not, further justifying reconsideration of the entered stay relief Order which facially modifies the Court's March 20, 2024 Adversary Stay Order.

34. As previously advised, if and when any such motion is filed in the JOD Adversary, the Cupillari Defendants intend to object and file a cross-motion.

35. The objection to any motion to vacate the Court's March 20, 2024 Order would be premised upon the absence of any changed circumstances which exist as of today, as compared to the circumstances present at the time of, and which motivated, the Court's sua sponte March 20, 2024 Adversary Stay Order.

36. Moreover, the March 20, 2024 Adversary Stay Order recites that the stay of the JOD Adversary shall remain in effect until the Knieps are dismissed or severed from the JOD Adversary. That has not occurred. While the Order also recites the stay may be terminated upon further order of the Court, any such further order, if upon request of a party, should require notice and an opportunity to be heard. That did not occur.

37. The cross-motion in response to any such motion, which requested relief would be contingent on the Court believing its sua sponte March 20, 2024 Adversary Stay Order should be vacated despite no changed circumstances, would seek to condition any vacation of the

March 20, 2024 Adversary Stay Order on the Court addressing first the pending motions to dismiss the Minns Firm Clients' Second Amended Complaint. It makes no sense to hear any requests for substantive relief in the JOD Adversary until the long pending dismissal motions are decided.

38. Those pending, as of yet undecided, motions to dismiss the JOD Adversary assert significant supporting grounds, including, without limitation, (i) a lack of standing, since the Minns Firm Clients did not acquire claims and causes of action which are a subject of the Second Amended Complaint and which the Minns Firm Clients have acknowledged numerous times in writing before this Court was a necessary prerequisite to their prosecution of the Second Amended Complaint; (ii) a lack of subject matter jurisdiction, since what is being pursued are claims asserted by non-debtors (the Minns Firm Clients) against non-debtors (the Cupillari Defendants and other JOD Adversary defendants); (iii) the presence of a mandatory arbitration provision in the contracts pursuant to which the Minns Firm Clients conducted the business transactions which form the basis of their claims; (iv) the economic loss doctrine; (v) the presence of an integration clause in the contracts pursuant to which the Minns Firm Clients conducted the business transactions which form the basis of their claims; (vi) a lack of specificity as to identified plaintiff claims against identified defendants; (vii) failure to plead fraud with specificity; (viii) the failure to provide pre-suit deceptive trade practice claims notice; and (ix) the filing of an amended complaint when prohibited without Court authorization.

39. Whether described as (i) a revision pursuant to Federal Rule of Civil Procedure 54; (ii) an order required to carry out the provisions of the Bankruptcy Code or an order to prevent an abuse of process pursuant to 11 U.S.C. § 105; or (iii) the need to prevent manifest injustice pursuant to Federal Rule of Bankruptcy Procedure 9023, reconsideration of the Court's May 3, 2024 stay relief Order, which in substance modifies the Court's March 20, 2024 Adversary Stay Order in the

JOD Adversary, based upon a motion not filed in that adversary and not served on the defendants in that adversary, is reasonable, necessary, and appropriate. That reconsideration should result either in a stay relief order limiting the authorization provided to the Minns Firm Clients to action against the Knieps, or the denial of the motion as it requests relief in substance in the wrong case, without notice and an opportunity to be heard, without legal authority, and without satisfaction of the conditions the Court established in the March 20, 2024 Adversary Stay Order.

Dated: May 8, 2024

Respectfully submitted,

By:    */s/ Jay L. Lubetkin*
    Jay L. Lubetkin
    Rabinowitz, Lubetkin & Tully, LLC
    293 Eisenhower Parkway, Suite 100
    Livingston, NJ 07083
    State Bar No. (NJ) 022401980
    State Bar No. (NY) 2137073
    Telephone: (973) 597-9100
    Facsimile: (973-597-9119)
    E-mail: jlubetkin@rltlawfirm.com

and

By:    */s/ Christopher L. Halgren*
    Christopher L. Halgren
    McGINNIS LOCHRIDGE
    609 Main St, Suite 2800
    Houston, TX 77002
    State Bar No. (TX) 24069859
    Telephone: (713) 615-8539
    Facsimile: (713) 328-1839
    E-mail: chalgren@mcginnislaw.com

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on the 8th day of May 2024, he personally caused true and correct copies of the foregoing pleading, together with all attachments hereto, to be served by electronically filing it with the Court using the Court's CM/ECF system, which sent notification to the parties receiving same through such system as listed in the attached Matrix, and on the parties shown on the below service list, via first class U.S. Mail and/or e-mail.

By: */s/ Christopher L. Halgren*

| | |
|---|---|
| Jay H. Ong, Esq.<br>Munsch Hardt Kopf & Harr, P.C.<br>1717 West 6th Street, Suite 250<br>Austin, Texas 78703<br>Email: jong@munsch.com<br>*Counsel to the Chapter 7 Trustee of Just One Dime Coaching, LLC* | Rain Levy Minns Udall, Esq.<br>Minns Law Firm, P.C.<br>d/b/a Rain Minns Law Firm<br>rain@rainminnslaw.com<br>4412 Spicewood Springs Rd., Suite 500<br>Austin, Texas 78759-8583<br>*Counsel to Adversary Proceeding Plaintiffs the Minns Firm Clients* |
| Megan M. Adeyemo<br>Gordon & Rees LLP<br>2200 Ross Avenue<br>Suite 3700<br>Dallas, TX 75201<br>214-231-4660<br>Fax : 214-461-4053<br>Email: madeyemo@grsm.com<br>*Counsel to Adversary Proceeding Defendants Brett George, N2 Ecom, LLC, AKH Investments, LLC, BOH Solutions, LLC, Apex PSW, LLC, E-Com Highway, LLP* | Michael V. Baumer<br>Law Office of Michael Baumer<br>PO Box 1818<br>Liberty Hill, TX 78642<br>512-476-8707<br>Email: baumerlaw@baumerlaw.com<br>*Counsel to Debtors and Adversary Proceeding Defendants Travis Seth Kniep, Josiah Kniep, Audrey "Atalie" Kniep, Kimberly Kniep* |
| Carl "Bo" Dawson<br>Ryan & Dawson<br>770 South Post Oak Lane, Suite 600<br>Houston, TX 77056<br>713-960-1555<br>Fax : 713-960-8491<br>Email: cdawson@rdlaw.com<br>*Counsel to Adversary Proceeding Defendants Apps Innovation, Inc., David Lopez, Luxeup, Inc., Victoria Ecom, LLC, Victoria State, LLC, Beardman Company Corp., DSD Imports Bros., LLC, Dagabia, Inc., Danmark, Inc., Danvid, fka Beardman Company Corp., Varbuck, LLC, Danilo Varriale, VlegacIV, LLC* | John Patrick Lowe<br>2402 East Main Street<br>Uvalde, TX 78801<br>*Chapter 7 Trustee*<br><br>Bryan T. Forman, Esq.<br>248 Addie Roy Road<br>Building B Suite 302<br>Austin, Texas 78746<br>*Counsel to Epic Cow, LLC, Derek Wada, Machado LTD, Laura Viana, Mehdi Tajeddini, CJ One, LLC, Chad Sutterer, Aktive Creative Concepts, LLC, Teny Simonians, Knara Saribekyan, Jake Rader, NoNoo, LLC, Nissa Ophaso, Gooseberry Ventures, Inc., Gunalan Nadarajah, Biz Hunt, LLC, Manal Jaffer,* |

|  | *Hollybeach, LLC, Umesh Desai, Light of Sol, LLC, Shari Criso, Gementi, LLC, Tony Chen, Beesome, LLC, Federica Caltagirone, Universal Intentions, LLC, Patrick Bursey, 12328828 Canada Inc., Malak Belhriti, Tasked, LLC, Lina Barriga, Zui Ventures, LLC, Mandar Bandekar, Buy Moog LLC, Sina Arhamsadr, Yasir U. Alan* |
|---|---|